Cristina C. Arguedas (CalBN 87787)
  Email: arguedas@achlaw.com
Ted W. Cassman (CalBN 98932)
  Email: cassman@achlaw.com
Raphael M. Goldman (CalBN 229261)
  Email: goldman@achlaw.com
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

Allen J. Ruby (CalBN 47109)
  Email: allen.ruby@skadden.com
Jack P. DiCanio (CalBN 138782)
  Email: jack.dicanio@skadden.com
Patrick Hammon (CalBN 255047)
  Email: patrick.hammon@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Counsel for FedEx Corporation,
Federal Express Corporation and
FedEx Corporate Services, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, and FEDEX CORPORATE SERVICES, INC.,<br><br>    Defendants. | **No. CR 14-380 (CRB)**<br><br>**MOTION BY FEDEX DEFENDANTS TO DISMISS COUNTS TWELVE AND SEVENTEEN**<br><br>Date: March 2, 2016<br>Time: 2:00 p.m.<br>Hon. Charles R. Breyer |

## **TABLE OF CONTENTS**

Table of Authorities ................................................................................................................ ii

I.     INTRODUCTION ............................................................................................................. 1

II.    FACTS............................................................................................................................... 1

III.   DISCUSSION .................................................................................................................. 3

       A.     Legal Principles ................................................................................................... 3

       B.     Venue is Not Sufficiently Alleged Under the Default Venue Rules........... 5

       C.     Venue is Not Sufficiently Alleged Under 18 U.S.C. § 1956(i) ................... 7

IV.   CONCLUSION................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Hyde v. Shine*, 199 U.S. 62 (1905) ............................................................................4, 5

*Travis v. United States*, 364 U.S. 631 (1961) ................................................................5

*United States v. Blechman*, No. 10-40095-01/02-SAC, 2011 U.S. Dist. LEXIS 67517 (D. Kan. Jun. 22, 2011) ..........................................................................................6

*United States v. Cabrales*, 524 U.S. 1 (1998) ...............................................................3

*United States v. Cores*, 356 U.S. 405 (1958) ................................................................5

*United States v. Jensen*, 93 F.3d 667 (9th Cir. 1996) ....................................................4

*United States v. Johnson*, 323 U.S. 273 (1944) ............................................................5

*United States v. Meyers*, 847 F.2d 1408 (9th Cir. 1988) ............................................4, 5

*Whitfield v. United States*, 543 U.S. 209 (2005) ............................................................4


**Other Authorities**

18 U.S.C. § 1956 ..................................................................................................... *passim*

Federal Rule of Criminal Procedure 12 .......................................................................3, 8

Federal Rule of Criminal Procedure 18 ..................................................................3, 4, 5

U.S. Constitution art. III, § 2 ...........................................................................................3

U.S. Constitution, Sixth Amendment ..............................................................................3

## I.   INTRODUCTION

On March 2, 2016 at 2:00 p.m. in the above-titled Court, FedEx Corporation, Federal Express Corporation and FedEx Corporate Services, Inc. (collectively, "FedEx") will and hereby do move this Court for an order dismissing Counts Twelve and Seventeen of the superseding indictment ("indictment"), which each charge FedEx with participating in a conspiracy to launder money in violation of 18 U.S.C. § 1956(h).  The counts must be dismissed because they fail to adequately allege that venue is proper in this district.

## II.   FACTS

The indictment generally alleges that FedEx participated in conspiracies with two separate online pharmacy networks: the so-called "Chhabra-Smoley Organization," and a network of businesses and people associated with a pharmacy called Creative Pharmacy Services or Superior Drugs.  *See* Dkt. #28, *passim*.  Count Twelve of the indictment asserts that FedEx, along with members of the Chhabra-Smoley Organization, conspired to launder money derived from the online pharmacy businesses' allegedly illegal conduct.  *Id*. ¶¶ 62-69.  Count Twelve asserts:

> Beginning at a time unknown to the grand jury, but no later than January of 2000, and ending on or about February 20, 2008, in the Northern District of California and elsewhere, [FedEx], together with Vincent Chhabra, Sabina Faruqui, Robert Smoley, RxNetwork, United Mail Pharmacy Services, Icom Group, and others known and unknown to the grand jury, did knowingly and intentionally conspire to conduct a financial transaction involving the proceeds of a specified unlawful activity, knowing that the property involved in the financial transaction presented proceeds of some form of unlawful activity, and intending to promote the carrying on of the specified unlawful activity, to wit: the possession with intent to distribute and distribution of controlled substances outside the usual course of professional practice and not for a legitimate medical purpose, knowing and intending that the possession with intent to distribute and distribution was outside the usual course of professional practice and not for a legitimate medical purpose, in

violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(D), (b)(2), and 846, all of which conduct was in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (h).

*Id.* ¶ 63. Count Twelve sets out the supposed "Manner and Means of the Conspiracy," including that FedEx requested and received payments for shipping services the carrier provided to its purported co-conspirators. *Id.* ¶¶ 65-69. But the indictment nowhere alleges that any of the conduct alleged as "Manner and Means" occurred in the Northern District of California.

Count Seventeen is quite similar. It relates to a supposed money-laundering conspiracy involving the members of the purported Superior Drugs network. *Id.* ¶¶ 107-113. Count Seventeen charges:

> Beginning at a time unknown to the grand jury, but no later than September of 2002, and ending on or about May 12, 2010, in the Northern District of California and elsewhere, [FedEx], together with Creative Pharmacy Services (doing business as Superior Drugs), Wayne White, Anthony Spence, Christopher Napoli, Sanford Cohen, Orlando Birbragher, Marshall Kanner, David Glass, Michael Bezonsky, Claude Covino, Genetechnica, Physicians Online Network, The Spence Group, Pharmacom, Carmel Management, SaveOn Rx, SafescriptsOnline, Affpower, and others known and unknown to the grand jury, did knowingly and intentionally conspire to conduct a financial transaction involving the proceeds of a specified unlawful activity, knowing that the property involved in the financial transaction represented proceeds of some form of unlawful activity, and intending to promote the carrying on of the specified unlawful activity, to wit: the possession with intent to distribute and distribution of controlled substances outside the usual course of professional practice and not for a legitimate medical purpose, knowing and intending that the possession with intent to distribute and distribution was outside the usual course of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(D), (b)(2), and 846 (for conduct prior to April 13, 2009), and in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(E)(i), (b)(2), (h)(1), (h)(4), and 846 (for conduct after April 13, 2009), all of which conduct was in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (h).

*Id.* ¶ 108. Count Seventeen then sets out the supposed "Manner and Means of the

Conspiracy," including that FedEx requested and received payments for shipping services the carrier provided to its purported co-conspirators. *Id.* ¶¶ 109-113. But the indictment nowhere alleges that any of the conduct alleged as "Manner and Means" occurred in the Northern District of California.[1]

## III.    DISCUSSION

The allegations in Counts Twelve and Seventeen are insufficient to satisfy the requirement that an indictment properly plead venue in the district in which the charges are brought. Accordingly, each count must be dismissed.

### A.    Legal Principles

> Proper venue in criminal proceedings was a matter of concern to the Nation's founders. Their complaints against the King of Great Britain, listed in the Declaration of Independence, included his transportation of colonists "beyond Seas to be tried." The Constitution twice safeguards the defendant's venue right: Article III, § 2, cl. 3 instructs that "Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed"; the Sixth Amendment calls for trial "by an impartial jury of the State and district wherein the crime shall have been committed." Rule 18 of the Federal Rules of Criminal Procedure, providing that "prosecution shall be had in a district in which the offense was committed," echoes the constitutional commands.

*United States v. Cabrales*, 524 U.S. 1, 6 (1998) (footnote omitted). Accordingly, Federal Rule of Criminal Procedure 12(b)(3)(a)(1) permits a defendant to seek dismissal of an indictment on the ground that venue is improper in the district where the indictment has been brought. When considering a pretrial venue motion, the court "must presume the

---

[1] The reason for the indictment's failure to include proper venue allegations appears simple. Counts Twelve and Seventeen charge conspiracies that involve purported payments by online pharmacy entities to FedEx. Yet neither FedEx nor its bank accounts are located in this district, and — at least so far as FedEx can glean from the discovery produced to date — neither were the online pharmacy entities or their bank accounts. Thus, even were the allegations in the indictment true (and they are not), they still would not involve an agreement or any conduct that occurred in this district.

truth of the allegations" in the indictment.  *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

As discussed, Rule 18 provides that, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."  As a general matter, venue is appropriate for a conspiracy charge under Rule 18 if an overt act in furtherance of the conspiracy occurred in the district, *United States v. Meyers*, 847 F.2d 1408, 1411 (9th Cir. 1988), or if the alleged conspirators entered into the conspiracy within the district, *Hyde v. Shine*, 199 U.S. 62, 76-77 (1905).

The United States Code also establishes a venue provision specific to money laundering conspiracies.  18 U.S.C. § 1956(i) provides:

> (1)  Except as provided in paragraph (2), a prosecution for an offense under this section or section 1957 may be brought in--
>
> (A) any district in which the financial or monetary transaction is conducted; or
>
> (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.
>
> (2)  A prosecution for an attempt or conspiracy offense under this section or section 1957 may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place.

The jurisprudence does not firmly establish whether § 1956(i) and Rule 18 create two alternative bases for venue, or whether § 1956(i) establishes the exclusive rule.  In *Whitfield v. United States*, 543 U.S. 209 (2005), the Supreme Court noted, but did not resolve, the question whether § 1956(i) is "permissive" — a supplement to the general

venue rules — or instead "supplant[s]" the default venue rules. *Id.* at 217-18. Although the *Whitfield* Court seemed inclined to favor a "permissive" reading, *id.*, there is some countervailing authority. The Supreme Court has repeatedly articulated a rule favoring restrictive construction of venue provisions. *See Travis v. United States*, 364 U.S. 631, 634 (1961) ("Venue provisions in Acts of Congress should not be so freely construed as to give the Government the choice of a tribunal favorable to it." (internal quotation marks omitted)); *United States v. Cores*, 356 U.S. 405, 407 (1958); *United States v. Johnson*, 323 U.S. 273, 276 (1944) ("If an enactment of Congress equally permits the underlying spirit of the constitutional concern for trial in the vicinage to be respected rather than to be disrespected, construction should go in the direction of constitutional policy even though not commanded by it.").

We have found no binding authority that resolves the question left open by *Whitfield*, but in any event the result in this case does not depend on the resolution of that question. Under either § 1956(i) or Rule 18, the allegations in the indictment are insufficient to establish venue.

**B.     Venue is Not Sufficiently Alleged Under the Default Venue Rules**

As discussed, under the default venue rules generally applicable to conspiracy charges, the indictment must establish either that (a) the alleged conspirators entered into their agreement in the district in which the charges have been brought, or (b) an overt act in furtherance of the conspiracy occurred in that district. *Meyers*, 847 F.2d at 1411; *Hyde*, 199 U.S. at 76-77. The indictment in this case does neither.

Neither Count Twelve nor Count Seventeen includes any allegation that any particular conduct occurred in the Northern District of California. The only conceivable

basis for establishing venue in this district is that both Count Twelve and Count Seventeen baldly assert that the purported conspiracies occurred "in the Northern District of California and elsewhere." Dkt. #28 ¶¶ 63 & 108.  That is not sufficient — the indictment's boilerplate allegations do not establish either that the purported agreements were formed in the Northern District of California or that any overt act occurred here.

The court in *United States v. Blechman*, No. 10-40095-01/02-SAC, 2011 U.S. Dist. LEXIS 67517 (D. Kan. Jun. 22, 2011) confronted a similar situation.  The *Blechman* indictment charged a conspiracy that purportedly occurred "in the District of Kansas and elsewhere," and the charging document also set out several supposed overt acts that allegedly occurred in the district.  *Id.* at *2-9.  The court found legally infirm the charged overt acts that allegedly occurred in Kansas, and it was therefore left with an indictment charging only that the conspiracy occurred "in the District of Kansas and elsewhere" and that overt acts occurred outside the district or in unspecified locations.  *Id.* at *17-27.  The court dismissed the charges: "Because the superseding indictment fails to allege an overt act committed in Kansas in furtherance of the conspiracy charged in count one, the court grants the defendants' motion to dismiss for lack of venue."  *Id.* at *30.

The same result should obtain here.  The indictment against FedEx does not even purport to set out overt acts that occurred in this district.  This is no doubt due to the fact that no act that could conceivably have furthered the charged money laundering conspiracies could have occurred here: none of the alleged conspirators (including FedEx itself) were domiciled in this district, and none of the payments described in the

*U.S. v. FedEx Corp. et al.*  6  Motion to Dismiss Counts 12 & 17
No. CR 14-380 (CRB)

indictment originated or terminated here.  Under the default venue rules, Counts Twelve and Seventeen must be dismissed.

### C.     Venue is Not Sufficiently Alleged Under 18 U.S.C. § 1956(i)

18 U.S.C. § 1956(i)(2) permits venue for money-laundering conspiracy charges "in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place." We have already established that the indictment does not allege that any act in furtherance of the charged conspiracies took place in the Northern District of California. *See* Part III.B, *supra*.  Accordingly, § 1956(i)(2) will save Counts Twelve and Seventeen only if venue would lie in this district for the completed money laundering offenses involved in the charged conspiracies.  Unfortunately for the government, the indictment does not establish that venue would lie for such offenses.

Under § 1956(i)(1), venue may lie in a particular district for a completed money laundering offense pursuant to two possible scenarios.  First, venue may lie in "any district in which the financial or monetary transaction is conducted."  *See* § 1956(i)(1)(A).  That scenario is not implicated here because the indictment does not allege that any of the transactions that supposedly undergird Counts Twelve and Seventeen occurred in this district.

Second, venue may lie in a "district where a prosecution for the underlying specified unlawful activity could be brought, *if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.*" § 1956(i)(1)(B) (emphasis added). Again, however, neither Count Twelve nor Count Seventeen alleges that FedEx

1 participated in the transfer of proceeds from this district to any place where the financial
2 or monetary transactions in question occurred.
3
4 In short, the indictment does not even attempt to assert that venue would lie in
5 this district under § 1956(i).

## IV. CONCLUSION

As the indictment fails to adequately allege that venue lies properly in the Northern District of California for Counts Twelve or Seventeen, those counts must be dismissed pursuant to Federal Rule of Criminal Procedure 12(b)(3).

Dated:  January 13, 2016

Respectfully submitted,                    ARGUEDAS, CASSMAN & HEADLEY, LLP

By:    /s/
    Raphael M. Goldman
    803 Hearst Avenue
    Berkeley, CA 94710
    (510) 845-3000

Counsel for Federal Express Corporation, FedEx Corporation and FedEx Corporate Services, Inc.