1  DAVID R. CALLAWAY (CABN 121782)
   Attorney for the United States
2  Acting Under Authority Conferred by 28 U.S.C. § 515

3  KIRSTIN M. AULT (CABN 206052)
   KYLE F. WALDINGER (CABN 298752)
4  W.S. WILSON LEUNG (CABN 190939)
   Assistant United States Attorneys
5
   JENNY C. ELLICKSON (DCBN 48905)
6  Trial Attorney

7        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
8        Telephone: (415) 436-6940
         FAX: (415) 436-7234
9        Kirstin.ault@usdoj.gov
         Kyle.waldinger@usdoj.gov
10       Wilson.leung@usdoj.gov

11  Attorneys for United States of America

12                   UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15  UNITED STATES OF AMERICA          )    CR No. 14-380 CRB
                                      )
16           Plaintiff,               )    UNITED STATES' MOTION TO REQUIRE
                                      )    DEFENDANTS TO PROVIDE NOTICE OF ADVICE-OF-
17       v.                           )    COUNSEL DEFENSE
                                      )
18                                    )
    FEDEX CORPORATION,                )    Hearing Date:   March 2, 2016
19  FEDERAL EXPRESS CORPORATION,      )    Hearing Time:   2:00 p.m.
       (A/K/A FEDEX EXPRESS)          )    Court:          Hon. Charles R. Breyer
20  FEDEX CORPORATE SERVICES, INC.,   )
                                      )
21           Defendants.              )
    _____ )
22

23                        I.   **INTRODUCTION**

24       The United States moves this Court to require defendants FedEx Corporation, Federal Express

25  Corporation, and FedEx Corporate Services, Inc. (collectively, "FedEx" or "the FedEx defendants") to

26  provide notice of any advice-of-counsel defense they plan to assert, as well as any discovery relating to

27  that defense, no later than March 11, 2016.  The United States doubts that the FedEx defendants will be

28

able to pursue an advice-of-counsel defense, as it seems unlikely that they will be able to satisfy its requirements.  Nonetheless, the defendants have asserted privilege over more than 5,000 documents, and have instructed some of their employees to decline to answer questions on the basis of privilege.  If the defendants do assert an advice-of-counsel defense, they must waive the privilege, requiring them to produce the materials they have previously withheld, among other discovery, and permitting the United States to explore previously privileged areas of inquiry with potential witnesses.  It will take time for the government to review this additional discovery and conduct these interviews, and the government must complete this additional investigation before this Court's deadline for motions in limine so that it may file any motions relating to the proposed advice-of-counsel defense.

The Court should therefore exercise its inherent authority to manage trial and pre-trial proceedings by setting a pre-trial deadline for notice of an advice-of-counsel defense so that trial is not needlessly delayed or interrupted by the additional discovery raising such a defense inevitably requires. The Court has ordered the United States to produce its witness list on April 11, 2016.  Therefore, requiring the defendants to provide notice of an advice-of-counsel defense and any resulting discovery by March 11, 2016, one month in advance of this witness-list deadline, provides the United States with sufficient time to review the newly produced documents, interview witnesses regarding previously privileged subject matter, and revise its trial strategy prior to the Court's deadline for motions in limine.

## II.   BACKGROUND

### A.    The Defendants' Reliance on Counsel and Invocation of the Attorney-Client Privilege

Information uncovered during this investigation suggests that in-house lawyers were often involved, and sometimes heavily involved, in the business operations and decisions of the FedEx defendants regarding online pharmacies.  *See, e.g.*, Declaration of Jason Chin ¶¶ 2-7, 9, 10.  However, since 2013, the defendants have refused to produce in discovery certain documents and excerpts of documents on the ground that this material is protected by the attorney-client privilege.  Indeed, to date, the defendants have asserted the attorney-client privilege as to more than 5,000 documents.  *Id.* ¶ 11.  In addition, they have instructed some of their employees to assert attorney-client privilege when asked about issues relating to this case.  *See, e.g., id.* ¶¶ 9, 10.

**B.      The Schedule for Pretrial Filings**

At a scheduling conference in January 2015, the Court set a trial date of February 29, 2016.  *See* CR 65.  In August 2015, the FedEx defendants asked the Court to push the trial date back to September 12, 2016, to allow them sufficient time to review the government's discovery in this case and litigate any disputes over privilege.  *See* CR 111 at 2-5.  The Court granted the defendants' request in part by continuing the trial date to June 13, 2016, with jury selection to begin the previous week.  CR 139 at 2. The Court also ordered the parties to file its third round of pretrial motions on January 13, 2016, with a hearing date of March 2, 2016.  *Id.*  The Court further ordered that the United States' witness list is due April 11, 2016; motions in limine are due April 27, 2016; and other pretrial filings, including any replies to motions in limine, are due May 25, 2016.  *Id.*

## III.   <u>DISCUSSION</u>

**A.      Legal Standards**

An advice-of-counsel defense is a version of the good-faith defense.  *United States v. Rubin*, 51 Fed Appx. 654, 655 (9th Cir. 2002) (citing *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961)); *see also United States v. Bussell*, 414 F.3d 1048, 1054 (9th Cir. 2005) (referring to defendant's "similar, if not identical" defenses of good faith and reliance on the advice of counsel).  In order to assert this defense, a defendant must have: (1) made a "full disclosure" to his attorney; (2) received advice as to the specific course of conduct that he followed; and (3) relied on this advice in good faith.  *United States v. Smith*, 7 Fed. Appx. 772 (9th Cir. 2001) (citing *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987)); *see also United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010); Ninth Circuit Model Criminal Jury Instruction 5.9 (2010 ed.) ("Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably relied on that advice in good faith.").

A defendant who asserts a good-faith defense based on the advice of counsel waives the attorney-client privilege as to communications relating to the subject matter of the advice.  *See Rock River Commc'ns, Inc.v. Universal Music Group, Inc.*, 745 F.3d 343, 353 (9th Cir. 2013) ("A party who affirmatively places its attorney-client communications at issue in litigation implicitly waives the

1  privilege."); *United States v. Quiel*, 595 Fed. Appx. 692, 694 (9th Cir. 2014) (concluding that defendants

2  waived attorney-client privilege by relying on "an advice-of-counsel defense"); *United States v.*

3  *Bilzerian*, 926 F.2d 1285, 1292-93 (2d Cir. 1991) (followed by *Chevron Corp. v. Pennzoil Co.*, 974 F.2d

4  1156, 1162 (9th Cir. 1992)); *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (quoting

5  *Chevron Corp.*, 974 F.2d at 1162) (party may implicitly waive attorney-client privilege by raising "a

6  claim which in fairness requires disclosure of the protected communication").  The defendant may not

7  selectively waive the privilege.  Rather, this waiver extends to all communications relating to the subject

8  matter of the advice, including documents and advice on which the defendant does not intend to rely

9  when presenting his advice-of-counsel defense at trial.  *See United States v. Richey*, 632 F.3d 559, 566

10  (9th Cir. 2011).  Similarly, witnesses are no longer permitted to decline to answer questions relating to

11  the subject matter on the ground of privilege.  This waiver rule stems from the principle that a party may

12  not use the attorney-client privilege "both as a sword and a shield."  *United States v. Ortland*, 109 F.3d

13  539, 543 (9th Cir. 1997) (quoting *Chevron Corp*, 974 F.2d at 1162).  Accordingly, when a defendant

14  asserts an advice-of-counsel defense, he must produce all documents relating to the defense, including

15  all of his previously privileged communications with lawyers about the subject matter of the advice.

16  *See, e.g.*, *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (granting government

17  motion for pretrial discovery pursuant to Rule 16(b)(1)(A) of documents and objects concerning

18  defendant's advice-of-counsel defense).

19          The Federal Rules of Criminal Procedure do not include a specific requirement that a defendant

20  give advance notice of an advice-of-counsel defense.  As the Ninth Circuit has explained, however,

21  "[t]here is universal acceptance in the federal courts that . . . a district court has the authority to enter

22  pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are

23  identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are

24  adequately and timely prepared so that the trial can proceed efficiently and intelligibly."  *United States*

25  *v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) (en banc).  The "essential premise" of this inherent

26  power is to ensure that "the parties – and the district court – may be adequately prepared for trial."  *Id.* at

27  512.  Pursuant to this authority, a district court may, for example, require the production of a finalized

28

1  witness list one year before trial where the purpose of the deadline is to "bring the necessary focus and

2  organization to ready the case for trial." *Id.* at 513; *see id.* at 514 (noting that "a complex case poses

3  special challenges to the parties in preparing for trial and to the court in managing the litigation").

4  Likewise, district courts have recognized that they "may, at least under some circumstances, order that

5  [a] defendant give notice of an intent to rely on an advice-of-counsel defense." *United States v.*

6  *Mubayyid*, 2007 WL 1826067, at *2 (D. Mass. 2007) (concluding that such notice should be required

7  "only to the extent reasonably necessary to ensure a fair and reasonably efficient trial"). *See, e.g.*,

8  *United States v. Hatfield*, 2010 WL 183522, at *13 (E.D.N.Y. 2010) (granting government's unopposed

9  motion for an order requiring the defendants to disclose whether they intend to rely on an advice-of-

10  counsel defense).

11  **B.   The Court Should Require the Defendants to Provide Notice of Any Advice-of-Counsel**
12  **Defense By March 11, 2016.**

13    If the defendants assert an advice-of-counsel defense, they will be waiving the attorney-client

14  privilege as to communications relating to that advice and therefore will have to produce thousands of

15  documents that they had previously withheld on privilege grounds. *See, e.g.*, *River Commc'ns*, 745 F.3d

16  at 353; *Richey*, 632 F.3d at 566. Similarly, the United States may wish to re-interview witnesses who

17  previously asserted privilege in response to questions regarding their conversations with FedEx

18  attorneys. The government would then have to review this new material and, depending on its

19  substance, may need to conduct additional witness interviews and seek additional discovery to determine

20  whether the defendants actually disclosed all material facts to their attorneys and then relied in good

21  faith on their attorneys' recommended course of conduct, as required for an advice-of-counsel

22  instruction. This investigation would need to be complete prior to April 27, 2016, the deadline for

23  motions in limine, because the United States may move to exclude any reference to attorney advice if

24  the defendants are unable to make out the required elements for the defense. *Cf. United States v. Karr*,

25  742 F.2d 493, 497 (9th Cir. 1984) ("If the evidence is insufficient to support [a duress] defense as a

26  matter of law, . . . the court may exclude evidence of the defense or refuse to instruct on its elements.");

27  *United States v. Shapiro*, 669 F.2d 593, 596 (9th Cir. 1982) (same); *United States v. Alvarado*, 808 F.3d

28

474, 482-83, 488-94 (11th Cir. 2015) (affirming district court's grant of government's motion in limine to preclude defendant from raising public-authority defense after the defendant provided notice of such a defense under Rule 12.3 but failed to show that the defense was available to him).  Moreover, the parties may need to litigate evidentiary disputes relating to the previously privileged communications and the scope of the parties' supplemental discovery.

In light of the foregoing considerations, the government respectfully requests that the defendants respond to this motion either by giving notice of their intent to raise an advice-of-counsel defense or by confirming that they do not intend to pursue such a defense.  If the defendants decline to provide such notice voluntarily, the government requests that the Court require that the defendants provide such notice, as well as any discovery associated with their advice-of-counsel defense, by March 11, 2016. Requiring the defendants to provide notice and discovery by this date will ensure that the defendants and the government have sufficient time to complete any additional discovery and investigation, settle any new discovery disputes, and prepare for trial without jeopardizing the trial date.  Accordingly, setting this deadline would be a proper exercise of this Court's inherent authority "to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly."  *W.R. Grace*, 526 F.3d at 508-09.

Requiring notice of this defense now will not prejudice the defendants.  The defendants presumably already know whether they will be asserting an advice-of-counsel defense, and they are therefore in a position to provide the government with notice of any such defense, particularly because the documents and witnesses relating to this defense are exclusively within the defendants' control. Furthermore, the purpose of the motions deadlines in this case is to ensure that the parties act preemptively in litigating issues to keep this case on track for the current trial date.  Requiring the defendants to give notice now, rather than at the April 27, 2016 deadline for motions in limine, will further this goal by giving the government enough time to investigate and prepare to respond this unusual defense and by allowing the government to file any motions in limine that this defense may

1   suggest.[1]

2                           IV.   **CONCLUSION**

3           For the reasons set forth above, the government respectfully requests that the Court order the

4   defendants to provide notice of their intent to rely on an advice-of-counsel defense, as well as any

5   discovery relating to that defense, no later than March 11, 2016.

6

7   DATED: January 13, 2016                           Respectfully Submitted:

8                                                     DAVID R. CALLAWAY
                                                      Attorney for the United States
9                                                     Acting Under Authority Conferred by 28
                                                      U.S.C. § 515
10

11                                                        /s
                                                      _____
12                                                    KIRSTIN M. AULT
                                                      KYLE F. WALDINGER
13                                                    W.S. WILSON LEUNG
                                                      Assistant United States Attorneys
14

15                                                    JENNY C. ELLICKSON
                                                      Trial Attorney

16

17

18

19           _____
             [1]  In this case, an advice-of-counsel defense would be relevant to all crimes charged in the
20   Superseding Indictment and would require the defendants to produce of thousands of documents they
     previously withheld as privileged.  This motion is therefore materially different than a motion that the
21   Honorable Thelton E. Henderson recently provisionally denied in *United States v. Pacific Gas and
     Electric Company*, No. 3:14-cr-00175-TEH.  *See* Nov. 12, 2015 Order (CR 196).  In that case, any
22   advice-of-counsel defense would have been relevant only to a narrow issue (obstruction of justice), *see
     id.* at 2, and PG&E's counsel represented that the number of pages that would need to be produced if
23   privilege were waived to assert the defense was "in the three digits" but "not close to a thousand pages."
     *Id.* at 4.  Nonetheless, in his order denying the United States' motion to compel PG&E to provide notice
24   of any advice-of-counsel defense, Judge Henderson noted that "there could certainly be substantial
     problems of fairness and efficiency if PG&E were to raise the advice-of-counsel defense, and disclose
25   any subsequently unprivileged communications, for the first time at trial."  *Id.*  Judge Henderson
     therefore gave PG&E 18 days in which to notify the Court of "the precise number of additional pages it
26   would need to produce to the Government were it to eventually rely on an advice-of-counsel defense."
     *Id.*  Judge Henderson further stated that, depending on the magnitude of that number, he would "set
27   another pretrial deadline by which PG&E must disclose whether it plans to rely on an advice-of-counsel
     defense."  *Id.*  PG&E ultimately indicated only 140 pages of documents would need to be produced if it
28   raised an advice-of-counsel defense to the obstruction charge.  *See id.* at CR 197.