IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, | No. C14-00380 CRB |
| Plaintiff, | **ORDER RE FEDEX'S REQUEST FOR DISCLOSURE OF GRAND JURY INSTRUCTIONS** |
| v. | |
| FEDEX CORPORATION, | |
| Defendant. | |

FedEx moves for an order requiring the government to disclose instructions given to the grand jury on three points of law. See Motion for Disclosure (dkt. 142). FedEx asserts that the government's grand jury instructions likely misstated the law given (a) the wording of the indictment here and (b) similar instructions given at around the same time in one of Judge Thelton E. Henderson's cases. See United States v. Pacific Gas & Electric Co., No. 14-cr-175 (TEH) ("PG&E"). FedEx argues that the Court should review the instructions in camera, disclose them, and then allow Fedex to move to dismiss the indictment if FedEx discovers error. The government responds that grand jury instructions fall within Rule 6(e)'s secrecy provisions and that FedEx has not shown the required "particularized need."

In addressing this motion, the Court first analyzes whether grand jury instructions are "ministerial records" available to the general public. The Court concludes that they are not. Grand jury instructions constitute a "matter occurring before the grand jury," and thus they are protected from public disclosure by Rule 6(e) absent a showing of "particularized need." The Court previously ordered the government to disclose the disputed instructions for in camera review, see Minute Entry (dkt. 150), and after reviewing the instructions, the Court GRANTS FedEx's request for disclosure for the following reasons.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Background on the Indictment and FedEx's Alleged Criminal Conduct

This case arises from a grand jury investigation and indictment against FedEx. See Superseding Indictment ("indictment") (dkt. 28). The indictment alleges that FedEx conspired with two online pharmacy networks—the Chhabra-Smoley Organization and a pharmacy network called Creative Pharmacy or Superior Drugs—to violate the Controlled Substances Act ("CSA") and the Food Drug and Cosmetic Act ("FDCA"). See Indictment ¶¶ 22-40, 70-87 (counts one and thirteen); 21 U.S.C. § 846. According to the indictment, FedEx departed from its usual business practices so that it could traffic drugs in violation of the CSA and FDCA. Id. ¶¶ 39, 84. The indictment also includes a special "sentencing allegation" asserting that, "for purposes of determining the alternative maximum fine pursuant to Title 18, United States Code, Section 3571(d)," FedEx and its "coconspirators derived gross gains of at least $820,000,000." See id. ¶ 126.

### B. FedEx's Prior Motion to Dismiss the Indictment

In March 2015, FedEx moved to dismiss the indictment, arguing that the CSA and the FDCA each establish defenses for common carriers—like FedEx—that carry prescription pharmaceuticals as part of the usual course of their business. See First Motion to Dismiss; 21 U.S.C. § 822(c); 21 U.S.C. § 373(a). FedEx argued that these defenses applied on the face of the indictment. See generally First Motion to Dismiss (dkt. 87). The government responded that the common carrier exemptions in 21 U.S.C. §§ 373 and 822 implicitly assume that common carriers "may possess controlled substances [only] to the extent that such possession is otherwise lawful under the CSA." See Gov't Opposition (dkt. 93) at 1, 6, 12. The government also pointed to the indictment's allegations that FedEx had "established special policies that applied only to Internet pharmacies," and argued that the allegations in paragraphs 39 and 84, if proven, would establish as a matter of law that FedEx acted outside the usual course of business, rendering FedEx ineligible for the defenses at issue. Id. at 14, 17. The Court agreed with the government that "it just doesn't make sense . . . that somebody can knowingly deliver illicit drugs and be exempted," and the Court denied

2

FedEx's motion to dismiss the indictment. See Oral Order Transcript (dkt. 105).

### C.   Government's Grand Jury Disclosures Thus Far

The government has produced 20 transcripts to FedEx containing the grand jury testimony of current and former FedEx employees, which this Court unsealed for that purpose. See Sealed Transcripts (dkt. 109). The government has also agreed to produce, under the Jencks Act, the grand jury testimony of witnesses who will testify at trial. See Opp'n (dkt. 146) at 4. The government notes that it has agreed to produce that testimony four months before trial—a date earlier than the deadline established by the Jencks Act. Id.

### D.   FedEx's Current Request for Disclosure of Grand Jury Instructions

FedEx argues that the instructions provided to the grand jury likely misstated three separate elements of corporate and common carrier law. Consequently, FedEx requests that the Court order disclosure of "any legal instructions provided by the prosecution to the grand jury related to the following:"

- the defenses established by the "common carrier" exemptions set forth in 21 U.S.C. § 373(a) and 21 U.S.C. § 822(c)(2);
- principles of criminal law "collective" mens rea and corporate liability; and
- the Alternative Fines Act, 18 U.S.C. § 3571(d), or the "gross gains" derived by FedEx and its alleged co-conspirators.

See Motion for Disclosure at 1. FedEx argues that the instructions given on these points were likely incorrect for two reasons.

First, FedEx argues that language in the indictment indicates that the government misunderstands the law on these three points. Given that the indictment contains language about FedEx's usual course of business, FedEx asserts that the government must have provided some instruction on the CSA's and FDCA's common carrier defenses. See Motion for Disclosure. FedEx further asserts that because the charged crimes have mens rea elements, the government must have provided the grand jury with instructions on when a particular mens rea is attributable to a corporation. See id. Finally, FedEx notes that the indictment's special "sentencing allegation" references the concept of "gross gains," and thus

United States District Court
For the Northern District of California

FedEx suspects that the government must have also instructed on that point. See id. FedEx argues at length that the government misunderstands these three legal concepts, although even in FedEx's hypothetical discussion of the content of the grand jury instructions, FedEx fails to identify any controlling authority that the government squarely disregarded. See id.

Second, FedEx reasons that the grand jury likely received erroneous instructions by citing to a recent order by Judge Henderson in PG&E. FedEx describes PG&E as "another prosecution of a corporate entity" in which the "grand jury was empaneled during the same period as the one that indicted FedEx, and it returned an indictment less than four months before the initial indictment in this case." See Motion for Disclosure at 5 (citing PG&E, ECF No. 1 & 127). According to FedEx, "PG&E asked Judge Henderson for an order disclosing transcripts of grand jury instructions," and after "reviewing the instructions in camera, Judge Henderson disclosed to the defense instructions concerning principles of corporate mens rea and collective knowledge that then formed the basis for a motion from PG&E to dismiss the indictment." See id. (citing PG&E Dkt. 103, 110, 127). FedEx argues that if the government provided inaccurate instructions in PG&E, it likely provided inaccurate instructions here. See id. The government responds that instructions given to a grand jury fall under Rule 6(e)'s secrecy provisions and that FedEx has not shown the "particularized need" required for a court to breach grand jury secrecy. See Opp'n at 4.

### III. DISCUSSION

#### A. Legal Framework

The Supreme Court has "consistently . . . recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil Co. of California v. Petrol Stops Nw., 441 U.S. 211, 218 (1979). Federal Rule of Criminal Procedure 6(e) "codifies the rule that grand jury activities generally be kept secret." See In re Special Grand Jury (Anchorage, Alaska), 674 F.2d 778, 779 n.1, 781 (9th Cir. 1982) ("Alaska Grand Jury"). Two exceptions to the grand jury secrecy rule are relevant here.

First, a defendant can overcome Rule 6(e)'s presumption in favor of protecting the secrecy of any "matter occurring before the grand jury" by showing a "particularized need"

for disclosure. See Fed. R. Crim. P. 6(e); Douglas Oil, 441 U.S. at 228. The Ninth Circuit has indicated that the scope of protected "matters occurring before the grand jury" encompasses "anything which may reveal what occurred before the grand jury," including "identities of witnesses or jurors, the substance of testimony as well as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." Standley v. Dept. of Justice, 835 F.2d 216, 218 (9th Cir. 1987). Parties seeking disclosure of matters occurring before the grand jury "under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil, 441 U.S. at 222.

Second, the Ninth Circuit has recognized that given that the "importance of public access to judicial records and documents," a request for "access to the ministerial records" of the grand jury should not be denied "absent specific and substantial reasons for a refusal." Alaska Grand Jury, 674 F.2d at 781. Stated differently, "the proceedings before the grand jury are secret, but the ground rules by which the grand jury conducts those proceedings are not." United States v. Alter, 482 F.2d 1016, 1029 n.1 (9th Cir. 1973). The Ninth Circuit has not provided specific guidance on which categories of grand jury records are "ministerial records" or "ground rules," but it has explained that "[w]e call these records 'ministerial' to reflect the fact that they generally relate to the procedural aspects of the empanelling and operation of the Special Grand Jury, as opposed to records which relate to the substance of the Special Grand Jury's investigation." Alaska Grand Jury, 674 F.2d at 779 n.1.

A "split of authority has developed regarding whether the legal instructions provided by the prosecutor to the grand jury are the kind of 'ground rules' subject to disclosure, or rather whether they go to the substance of the grand jury's deliberation and are therefore afforded a presumption of secrecy," and the Ninth Circuit "has not yet addressed this precise question."[1] PG&E, No. 14-cr-175 TEH, ECF No. 103 at 22. At least four cases within this

---

[1] Courts have noted a "paucity of judicial authority in this area." United States v. Fuentes, No. CR.S-07-0248 WBS, 2008 WL 2557949, at *2 (E.D. Cal. June 24, 2008).

5

district have concluded that legal instructions given to a grand jury fall within the "ministerial records" exception. See id.; United States v. Belton, No. 14-cr-30-JST, 2015 WL 1815273 (N.D. Cal. Apr. 21, 2015); United States v. Diaz, 236 F.R.D. 470, 475–76, 477–78 (N.D. Cal. 2006); United States v. Talao, No. CR-97-217- VRW, 1998 WL 1114043 (N.D. Cal. Aug. 14, 1998). But other persuasive authority[2] concludes that grand jury instructions reveal the substance of an investigation, and thus a movant must show particularized need to obtain the instructions. See, e.g., United States v. Barry, 71 F.3d 1269, 1274 (7th Cir. 1995) ("[D]efendants claim . . . that instructions to the grand jury are ministerial in nature and are not matters occurring before the grand jury, to obtain which a defendant must show particularized need . . . . The claim cannot be sustained.")

**B.  Analysis**

**1.  Grand Jury Instructions are Protected by Rule 6(e)**

In addressing FedEx's motion, the Court must first determine whether grand jury instructions are "ministerial records" available to the public or whether they constitute a "matter occurring before the grand jury" that is protected from public disclosure by Rule 6(e) absent a showing of "particularized need." Alaska Grand Jury, 674 F.2d at 784. The Court concludes that grand jury instructions are not ministerial records—they unquestionably reveal both the substance of a grand jury's investigation and its "strategy or direction"—and thus the instructions constitute matters occurring before the grand jury that are protected by Rule 6(e). See Standley, 835 F.2d at 218; Alaska Grand Jury, 674 F.2d at 779 n.1.

In contrast to the "ministerial records" identified in Alaska Grand Jury—which "relate to the procedural aspects of the empanelling and operation of the [grand jury], as opposed to records which relate to the substance of the . . . investigation"—the Court cannot imagine

---

[2] See, e.g., United States v. Larson, No. 07 CR304S, 2012 WL 4112026, at *5 (W.D.N.Y. Sept. 18, 2012) (concluding that grand jury instructions reveal the "deliberative process for that body" and are covered by Rule 6(e)); United States v. Ho, No. CR 08-00337 JMS, 2009 WL 2591345, at *4 (D. Haw. Aug. 20, 2009); United States v. Morales, No. CR. S-05-0443 WBS, 2007 WL 628678, at *4 (E.D. Cal. Feb. 28, 2007); United States v. Twersky, No. S2 92 CR. 1082 (SWK), 1994 WL 319367, at *5 (S.D.N.Y. June 29, 1994) (concluding that instructions were covered by Rule 6(e) and requiring an in camera review of the instructions even after defendant had shown particularized need); see also United States v. Zhitlovsky, No. 03-40032-01-SAC, 2003 WL 21939024, at *2 n.1 (D. Kan. July 29, 2003); United States v. Welch, 201 F.R.D. 521, 524 (D. Utah 2001).

information more relevant to the substance, strategy, and direction of a grand jury investigation than the legal advice provided by the prosecution to assist jurors in deciding whether or not to indict in a particular case. See 674 F.2d at 779 n.1. In short, the contention that disclosing grand jury instructions does not "reveal what occurred before the grand jury" beggars belief. See Standley, 835 F.2d at 218.

Furthermore, releasing instructions to the public without a showing of particularized need would fly in the teeth of the "generally accepted rationale for the secrecy doctrine."[3] Alaska Grand Jury, 674 F.2d at 781. This rationale, which includes the need "to protect [the] innocent accused who is exonerated from disclosure of the fact that he has been under investigation," see id. at 782–83, persists even after an indictment has been issued and the grand jury "has concluded its operations," see Douglas Oil, 441 U.S. at 222. The Court thus concludes that grand jury instructions constitute a "matter occurring before the grand jury" that is protected from public disclosure by Rule 6(e) absent a showing of "particularized need." See Alaska Grand Jury, 674 F.2d at 784.

## 2. FedEx Has Shown Particularized Need

A defendant can overcome Rule 6(e)'s presumption in favor of protecting the secrecy of any "matter occurring before the grand jury" only by showing a "particularized need" for disclosure. See Fed. R. Crim. P. 6(e); Douglas Oil, 441 U.S. at 222. "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil, 441 U.S. at 222. "Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the 'particular need'

---

[3] The Ninth Circuit has explained that the grand jury secrecy rule seeks "(1) [t]o prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before (the) grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt." See Alaska Grand Jury, 674 F.2d at 781-82.

1 required to outweigh the policy of grand jury secrecy." United States v. Ferreboeuf, 632
2 F.2d 832, 835 (9th Cir. 1980) (internal quotation omitted).  The decision whether to disclose
3 grand jury materials is committed to the "sound discretion of the trial court." United States
4 v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985) (citing Pittsburgh Plate Glass Co. v. United
5 States, 360 U.S. 395, 399 (1959)).

The Court previously ordered the government to produce for review in camera any instructions given to the grand jury on the following three areas of law:

- the defenses established by the "common carrier" exemptions set forth in 21 U.S.C. § 373(a) and 21 U.S.C. § 822(c)(2);
- principles of criminal law  "collective" mens rea and corporate liability; and
- the Alternative Fines Act, 18 U.S.C. § 3571(d), or the "gross gains" derived by FedEx and its alleged co-conspirators.

See Minute Entry (dkt. 150); Motion for Disclosure at 1.  The Court concludes, given the unique nature of this prosecution, see Government's Report on Similar Prosecutions (dkt. 127); FedEx Response to Government Submission (dkt. 140), and for the reasons stated in FedEx's motion, see generally Motion for Disclosure, that FedEx has demonstrated "particularized need" for disclosure of the requested grand jury instructions here.  See Fed. R. Crim. P. 6(e).  Furthermore, having reviewed the government's submission in camera, the Court concludes that disclosure of the redacted transcripts will not seriously undermine continued grand jury secrecy, and the Court finally concludes that FedEx's narrow request "is structured to cover only material" relevant to FedEx's showing of "particularized need."  See Douglas Oil, 441 U.S. at 222.

//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that the government produce to FedEx the redacted version of the grand jury instructions filed with the Court in response to the Court's oral order of December 17, 2015.

**IT IS SO ORDERED.**

Dated: January 19, 2016



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE