```
 1                  UNITED STATES DISTRICT COURT

 2                 NORTHERN DISTRICT OF CALIFORNIA

 3

 4   Before The Honorable Charles R. Breyer, Judge

 5   UNITED STATES OF AMERICA,        )
                                      )
 6              Plaintiff,            )
                                      )
 7      VS.                           )   NO. CR 14-380 CRB
                                      )
 8   FEDEX CORPORATION, FEDEX         )
     EXPRESS, INC., and FEDEX         )
 9   CORPORATE SERVICES, INC.,        )
                                      )
10              Defendants.           )
     _____)
11
                                  San Francisco, California
12                                Thursday, December 17, 2015

13                       TRANSCRIPT OF PROCEEDINGS

14

15

16

17   Reported By:  Lori Stokes CSR No. 12732, RPR
                        Pro Tem Reporter
18

19

20

21

22

23

24

25
```

```
 1   APPEARANCES:

 2   For Plaintiff:
                         MELINDA HAAG
 3                       United States Attorney
                         450 Golden Gate Avenue
 4                       San Francisco, California  94102
                    BY:  KIRSTIN M. AULT
 5                       ASSISTANT UNITED STATES ATTORNEY

 6   For Defendants:
                         SKADDEN, ARPS, SLATE, MEAGHER
 7                         & FLOM LLP
                         525 University Avenue
 8                       Palo Alto, California  94301
                    BY:  ALLEN RUBY
 9                       ATTORNEY AT LAW

10


11                       ARGUEDOS, CASSMAN & HEADLEY LLP
                         803 Hearst Avenue
12                       Berkeley, Caliornia 94710
                    BY:  CRISTINA ARGUEDAS
13                       TED CASSMAN
                         RAPHAEL GOLDMAN
14                       ATTORNEYS AT LAW

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | Thursday, December 17, 2015            4:26 p.m. |
| 2 | P R O C E E D I N G S |
| 3 | ---oOo--- |
| 4 | THE COURT:  United States versus FedEx. |
| 5 | MR. COUNTRYMAN:  Good afternoon, Your Honor. |
| 6 | Kristin Ault for the United States. |
| 7 | MS. ARGUEDAS:  Good afternoon, Your Honor.  Cris |
| 8 | Arguedas, Raphe Goodman, Ted Cassman for FedEx. |
| 9 | MR. RUBY:  Allen Ruby for Fed Ex, Your Honor. |
| 10 | THE COURT:  So this matter is on pursuant -- |
| 11 | MS. ARGUEDAS:  Excuse me, Your Honor. |
| 12 | I should have said Connie Lewis Lensing, Senior Vice |
| 13 | President, is also here on behalf of the company. |
| 14 | THE COURT:  All right, fine.  Good. |
| 15 | -- for a motion for disclosure of instructions to the |
| 16 | grand jury.  And there's sort of two issues that the Court -- |
| 17 | maybe more than two -- but two issues that I looked at. |
| 18 | One is:  Are the instructions given to the jury |
| 19 | essentially -- would they be correctly characterized as |
| 20 | ministerial.  A number of my colleagues have so held. |
| 21 | And while I revere my colleagues, I think they are |
| 22 | absolutely wrong.  Grand jury instructions are hardly |
| 23 | ministerial.  I can't imagine, other than testimony, what could |
| 24 | disclose what the nature of an investigation is any clearer |
| 25 | than what instructions were given to the grand jury. |

1    And that is so antithetical to the idea of the grand jury.
2    The idea of the grand jury was that proceedings be conducted in
3    private, that is out of the public scrutiny, so that people who
4    are under investigation but never charged do not bear the
5    stigma of a public disclosure that they are under
6    investigation.
7    So you might say, well, how would anybody know if you had
8    the instructions.  Believe me, people would know.  In this day
9    and age, it is extraordinarily unlikely that people couldn't
10   put two and two together by learning, first of all, in
11   newspapers and other print, they may know that there is, quote,
12   an investigation.  Or they may note that there are some
13   allegations.  Or they may note any number of things.
14   And when you put it next to -- next to the instructions,
15   you've disclosed in large part exactly what's going on in the
16   grand jury.
17   So I'm going to write on this because I just -- I just --
18   maybe today is the day I feel strongly about everything.  But
19   anyway, I just think that's wrong.  I mean, I think the
20   Government is absolutely correct, by the way.  It's just wrong.
21   There isn't a case which I'm aware that has any reasoning to
22   support that view, and it's not going to be this one.
23   So you turn to the second one, which is, assuming that
24   they are matters occurring before the grand jury, should they
25   be disclosed.  And I think FedEx has raised a very good

1  argument that at least warrants an examination by the Court in
2  camera of the following:
3      All legal instructions given to the grand jury, including
4  any questions from the grand jury and any responses thereto
5  regarding the legal requirements of any charge.
6          MR. COUNTRYMAN: Your Honor, they didn't actually
7  request that.
8          THE COURT: Well, that's what I'm requesting. I
9  don't know what else they requested.
10         MR. COUNTRYMAN: They only requested it on three
11 discrete matters. They requested it for instructions regarding
12 the common carrier exemption, instructions regarding the
13 collective knowledge doctrine and instructions regarding the
14 sentencing allegation.
15         THE COURT: Okay. Well, that's what they requested,
16 then as it relates to those three areas.
17         MR. COUNTRYMAN: Thank you, Your Honor.
18         THE COURT: Submit them in ex parte under seal.
19         MR. COUNTRYMAN: Yes, Your Honor.
20         THE COURT: And I then will make a determination as
21 to whether or not they should be disclosed.
22         MR. COUNTRYMAN: Thank you, Your Honor.
23     And we have proactively gone and gotten a number of the
24 colloquies. If there's any that we have missed, for example,
25 questions, it may take some time to get those from the court

1   reporter, but we will do those as expeditiously as we can.
2           MR. CASSMAN:  Can I just briefly, Your Honor, our
3   sort of last dispositive motions round under the current
4   scheule is January 13th, 2016, so --
5           THE COURT:  You can -- once it's turned over to you,
6   if it is turned over to you, or any portion thereof -- you can
7   make any motion with respect to that information, regardless of
8   any deadline.
9       Thank you very much.  Goodbye.
10          MR. CASSMAN:  Thank you, Your Honor.
11          MR. COUNTRYMAN:  Thank you, Your Honor.
12                          ---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Monday, January 25, 2016

*Lori Stokes*
_____

Lori Stokes, CSR No. 12732, RPR
U.S. Pro Tem Court Reporter