**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, | No. C14-00380 CRB |
| Plaintiff, | **ORDER RE RULE 12.3 DISCLOSURES** |
| v. | |
| FEDEX CORPORATION, | |
| Defendant. | |

The government has moved[1] for additional disclosures under Fed. R. Crim. P. 12.3 relating to three possible defenses that FedEx may raise at trial: (1) public authority, (2) entrapment by estoppel, and (3) innocent intent. See Response Motion (dkt. 174). For the following reasons, the Court DENIES the government's motion but GRANTS its request to unseal FedEx's Rule 12.3 disclosures.

FedEx stated at the March 2, 2016 hearing on this matter that it does not intend to introduce a public authority defense at trial, and that if FedEx changes its position, it will file an appropriate motion with the Court. See Minute Entry (dkt. 217). The government's motion related to that defense is thus moot. As to the other two defenses at issue here, the government admitted that no Ninth Circuit authority squarely compels FedEx to provide further notice of those defenses under Rule 12.3 at this time. See id.; see also United States v. Burrows, 36 F.3d 875, 881 (9th Cir. 1994) (recognizing that the public authority defense is analytically distinct from entrapment by estoppel and innocent intent).

The Court thus concludes that (1) FedEx has stated it does not intend to introduce a

---

[1] The government's motion was somewhat unconventional—styled as a response brief—and the government is discouraged from repeating this practice in the future. See Response Motion (dkt. 174).

public authority defense, so the government's motion as to that defense is DENIED as moot; (2) the government has not identified Ninth Circuit authority indicating that further notice is required as to the additional two defenses of entrapment by estoppel and innocent intent, and the government's motion is DENIED as to those two defenses, (3) for good cause shown,[2] FedEx need not make additional witness disclosures related to those remaining two defenses prior to the witness disclosure deadlines already established by this Court, and finally (4) the government's request to unseal FedEx's Rule 12.3 disclosure is GRANTED for the reasons stated in the government's submissions to the Court.

**IT IS SO ORDERED.**

Dated: March 4, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] See Fed. R. Crim. P. 12.3(a)(5) ("The court may, for good cause, allow a party additional time to comply with this rule.")