UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION, et al.,<br><br>Defendants. | Case No.  14-cr-00380-CRB   (JCS)<br><br>**ORDER REGARDING DISCLOSURE OF REDACTED DISCOVERY MATERIALS**<br><br>Re: Dkt. No. 156 |

This is a criminal case involving allegations that Defendants FedEx Corporation, Federal Express Corporation, and FedEx Corporate Services, Inc. (collectively, "FedEx") knowingly shipped controlled substances sold by illegal internet pharmacies.

In January of 2015, FedEx served a subpoena duces tecum on the Drug Enforcement Agency ("DEA") pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure seeking, among other things, documents related to the DEA's communications with FedEx regarding internet pharmacies.  Judge Breyer denied in part the United States' motion to quash the subpoena, holding that documents relating to communications must be produced to allow FedEx to investigate the following issues:

> What did FedEx know? When did they know it? What did the Government say to FedEx? What did FedEx say to them? And how they understood it as how the parties understood it. How you understood it. How you, the Government, understood it and how you understood what FedEx understood. That's legitimate.

Transcript of Feb. 20, 2015 Hearing (dkt. 85) 11:3−8.  The United States subsequently produced documents to FedEx in response to the subpoena, but redacted material that it claimed was not responsive and/or was non-discoverable as internal government documents.  *See* Fed. R. Civ. P. 16(a)(2).

FedEx now moves to compel the disclosure of redacted material that it believes is "likely

to be favorable and material to FedEx's defense" and does not fall within any of the categories of internal documents that the United States declined to produce.  Mot. (dkt. 156) at 2−4.  The United States argues in response that "[n]one of the redacted information . . . concerns communications between the DEA and the defendants."  Opp'n (dkt. 184) at 8.  The United States also argues that it need not disclose the redacted information pursuant to Rule 16, the Jencks Act, or *Brady v. Maryland.  See generally id.*  Judge Breyer referred the motion to the undersigned magistrate judge for decision.  Dkt. 193.  Because both parties have presented significant portions of their arguments ex parte—FedEx to discuss its litigation strategy and why it believes documents are relevant, and the United States to protect the confidentiality of redacted material submitted for in camera review—the Court finds the matter suitable for resolution without a hearing.  No party requested oral argument.

Most of the redacted material is not subject to the subpoena or any other disclosure requirement.  Although FedEx's inference that some would be relevant is understandable based on the context in which many of the redactions appear, much of the redacted material in fact relates to internal government processes, ideas never implemented, communication with unrelated entities, and other matters that need not be disclosed.  The Court finds, however, that certain redacted material falls within the scope of the subpoena and Judge Breyer's ruling, and therefore ORDERS the United States to produce unredacted versions of the following information no later than March 24, 2016:

1. At page USFDX-0010000767, the United States produced a portion of an email reading "Last summer, Matt spoke at a large gathering of FedEx security managers on this issue."  The United States shall also disclose the portion of the previous sentence explaining what issue was discussed.  Specifically, the United States shall disclose the clause beginning "for Matt to speak to . . . ," but may redact the name of any third party that appears therein.

2. At page USFDX-0010000808, the United States produced portions of an email from James Byrom to Karl Nichols dated December 17, 2014.  In the last paragraph in which some text was not redacted, the United States shall also disclose all text

from the phrase "if I used 'incredulous' in our discussion" through the currently unredacted text.

3. At page USFDX-0010000856, the United States shall disclose the phrase "Idea was that," which appears immediately before the last portion of unredacted text.

4. At page USFDX-0010000857, the United States shall disclose the final sentence (beginning with "said he understood") before the horizontal line near the bottom of the page.

FedEx also seeks disclosure of the case title used in several Food and Drug Administration interview memoranda that the United States produced voluntarily. Good cause showing, the United States is ORDERED to produce copies of the memoranda disclosing the case title, as well as the other newly unredacted disclosures discussed above, no later than March 24, 2016.

**IT IS SO ORDERED.**

Dated: March 18, 2016

JOSEPH C. SPERO
Chief Magistrate Judge