IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, | No. C14-00380 CRB |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS THE INDICTMENT BASED ON GRAND JURY INSTRUCTIONS** |
| v. | |
| FEDEX CORPORATION, et al., | |
| Defendants. | |

After reviewing in camera the grand jury instructions at issue here, the Court granted FedEx's request for disclosure of the instructions. See Order Re FedEx's Request for Disclosure ("Disclosure Order") (dkt. 165). FedEx now moves to dismiss the indictment based on alleged errors in these instructions. See Motion (dkt. 208). The Court stated in response to FedEx's disclosure request that FedEx had failed "to identify any controlling authority that the government squarely disregarded" in instructing the grand jury. See Disclosure Order at 4. FedEx's motion here exhibits the same failure. For the following reasons, the Court DENIES FedEx's motion to dismiss the indictment.

"[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988). If a defendant moves to dismiss an indictment based on erroneous instructions, a district court should grant the motion "only if it is established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." See United States v. Navarro, 608 F.3d 529, 539 (9th Cir. 2010) (quoting Bank of Nova Scotia, 487 U.S. at 256).

FedEx argues here that the Court should dismiss the indictment based on two alleged errors in the instructions: (1) errors regarding what FedEx calls "collective mens rea and

corporate liability law," and (2) errors regarding what FedEx calls "basic principles of carrier liability." See Motion for Disclosure at 3; Motion to Dismiss at 13.  But FedEx again fails to identify any controlling authority indicating that any instructions given were in error.

      FedEx's first argument fails because FedEx has not clearly identified that the government gave instructions on "collective intent." See Opp'n at 14.  Furthermore, FedEx has failed to identify controlling authority that calls into doubt any instructions on "collective intent" or "collective knowledge." See generally Motion; see also United States v. Pacific Gas and Electric Co., 2015 WL 9460313, at *3 (N.D. Cal. Dec. 23, 2015) ("There is ample persuasive precedent and widespread acceptance of legal treatises that define a 'collective knowledge' theory to prove that a corporate defendant acted 'knowingly.'").  FedEx has thus fallen far short of satisfying the Ninth Circuit's exacting "grave doubt" standard, and its arguments fail to justify dismissal of the indictment.  See Navarro, 608 F.3d at 539.

      Next, FedEx argues that the government should have instructed the grand jury on a number of affirmative defenses to provide context on "basic principles of carrier liability." See Motion to Dismiss at 13.  FedEx presents no controlling authority to support this argument; the government produces Ninth Circuit authority to the contrary.  See 21 U.S.C. § 885(a)(1) ("It shall not be necessary for the United States to negative any exemption or exception set forth in this subchapter in any complaint, information, [or] indictment."); cf. Guam v. Cruz, 913 F.2d 748, 750 (9th Cir. 1990) ("[A] claim that the prosecutor failed to instruct the grand jury on affirmative defenses [did] not . . . disclose a defect so fundamental that the grand jury ceased to function properly.")  Again, FedEx fails to establish "grave doubt that the decision to indict was free from the substantial influence of" any errors in the government's instructions here.  See Navarro, 608 F.3d at 539.  For the foregoing reasons, the Court DENIES FedEx's motion to dismiss.

      **IT IS SO ORDERED.**

Dated: April 18, 2016

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE