**United States District Court**
*For the Northern District of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDEX CORPORATION, et al.,<br><br>　　　　　Defendants. | No. C14-00380 CRB<br><br>**ORDER RE GOVERNMENT'S REQUEST FOR DISCLOSURE OF INFORMATION WITHHELD BASED ON ATTORNEY-CLIENT PRIVILEGE** |

　　　　The government has moved for disclosure of certain information over which FedEx claims attorney-client privilege. See Motion (dkt. 171). The government requests that the Court rule, in the abstract, that attorney-client privilege does not apply to FedEx documents and other communications that "(1) shield the identities of FedEx personnel that made decisions regarding FedEx's continued delivery of packages for internet pharmacies; (2) shield communications where a lawyer acted as a mere conduit for business decisions made by others; and (3) shield communications relating to business decisions made by lawyers themselves." See id. The government also requests that the Court bar witnesses, including FedEx employees, from asserting attorney-client privilege in these three areas. See id. For the following reasons, the Court DENIES the motion at this time, subject to the government filing a motion in limine challenging invocations of privilege more specifically.

　　　　A party "should not challenge the withheld documents in a blanket manner, but should be sure to address the specific documents for which they believes the assertion of privilege is unjustified." Beilstein-Institut Zur Forderung Der Chemischen Wissenschaften v. MDL Info. Sys., Inc., No. C 04-05368 SI, 2006 WL 2578264, at *1 (N.D. Cal. Sept. 6, 2006); see also United States v. Christensen, 801 F.3d 970, 1007 (9th Cir. 2015) ("The claim of privilege

must be made and sustained on a question-by-question or document-by-document basis; a blanket claim of privilege is unacceptable." ).  Here, the government has not challenged the invocation of attorney-client privilege in connection with specific documents or questions; it instead recites a number of disputes that arose during an earlier grand jury proceeding in this matter—many of which disputes were previously resolved by orders of this Court.  See Sealed Grand Jury Proceeding Orders, No. 13-xr-90567 CRB.

The Court thus DENIES the government's motion at this time, subject to the government submitting a motion in limine in compliance with Christensen and MDL Info that challenges FedEx's invocation of privilege with the required level of specificity, addressing prospective witnesses and trial exhibits.  The Court ORDERS that the government submit any such motion, addressing claims of attorney-client privilege "on a question-by-question or document-by-document basis," see Christensen, 801 F.3d at 1007, if at all, no later than May 4, 2016.  FedEx may respond no later than May 11, 2016.

**IT IS SO ORDERED.**

Dated: April 20, 2016

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE