# U.S. REPLY IN SUPPORT OF MOTION IN LIMINE #6

**REPLY IN SUPPORT OF UNITED STATES' MOTION IN LIMINE #6 TO ADMIT STATEMENTS OF PARTY OPPONENTS AND TO PRECLUDE DEFENDANTS' INTRODUCTION OF THEIR EMPLOYEES' HEARSAY STATEMENTS**

At the heart of the dispute triggered by this motion is a question of how out-of-court or extrajudicial statements by FedEx employees will be presented to the jury.

The United States will offer documentary exhibits that contain written statements by FedEx employees. These documents will be offered through a combination of law enforcement agents who obtained the documents during the investigation, and other witnesses who either sent or received the emails. Under Rule 801(d)(2)(D), the statements in these documents by FedEx employees are not hearsay and the documents may be offered in evidence, assuming authenticity which will be established, hopefully, by stipulation.

The real issue – FedEx calls it "dangerous" – is that FedEx also wants to offer its employee statements in documentary exhibits. As set forth below, the law is clear that a party's own extrajudicial statements are hearsay and cannot be offered absent an exception under Rule 803. The "state of mind" exception, as argued by defendants, would swallow the hearsay rule. Every statement reflects, to some degree and in some manner, the state of mind of the declarant. Defendants urge the Court to accept this reality and admit their own employees' statements without limitation.

The problem with this will be exacerbated if FedEx attempts to offer those documents through the third-party testimony of agents or summary witnesses. This is a problem, first, because even if "state of mind" is an exception, there will be no foundation that the emails in question actually go to state of mind, as FedEx broadly contends they do. Second, allowing this to occur will permit FedEx to avoid entirely cross-examination regarding its own statements, which is exactly what the hearsay rule is designed to prevent.

1.      The United States May Offer Statements Of The Defendants' Employees Under Rule 801(d)(2(D)

Defendants concede the evidentiary principal, but seek to construct a cumbersome and unnecessary roadblock.

The United States will offer statements by employees of defendants about FedEx's internet pharmacy business, as well as its alcohol and cigarette businesses as permitted by the Court. A FedEx

employee making statements about FedEx business are clearly statements admissible against FedEx because the employee was (1) an agent of FedEx; (2) authorized to make statements on behalf of FedEx; (3) made concerning a matter within his or her employment and (4) made during the employees' participation in multiple conspiracies, including those charged in the superseding indictment.  Thus, FedEx's employee statements are admissible by the United States as statements of a party of opponent under Rule 801(d)(2)(A), (C), (D), and (E).

The United States requests a ruling that statements by FedEx employees about FedEx business are admissible as non-hearsay under Rule 801(d)(2).  With this ruling, the trial will move swiftly and efficiently.  The majority of such statements can be offered by the United States through the testimony of the law enforcement agents who obtained the statements during their investigation or through employees who either sent or received the e-mails or to whose testimony the e-mails are otherwise relevant.

Although defendants do not argue with the basic rule of admissibility, they propose a series of hurdles that, instead of allowing the trial to proceed swiftly and efficiently, would make the trial unmanageable.  *See* Def. Resp. MIL #6 at 37-38.  Defendants first  ask that the Court require the government to notify them a week in advance of any emails to be offered pursuant to Rule 801.  This is unnecessary.  Defendants already have notice of these statements: They are on the United States' exhibit list.  If defendants feel that any particular document contains statements outside the scope of the FedEx employee's employment, that document should be the subject of discussion as it comes up and before it is admitted into evidence. As far as the United States can discern, defendants have not cited any examples of a document that contains statements by a FedEx employee that are outside the scope of FedEx employment. [1]

The United States' motion in limine to admit these statements is appropriate and should be granted in a broad manner because it will make the trial move efficiently.

---

[1] To the extent that the defendants' have referenced particular documents or statements in the redacted portions of their opposition, the United States, obviously, cannot address those arguments now.

2.      The Court Should Deny Defendants' Request Under Rule 611(a) To Call Witnesses During the United States' Case

The Court should also deny the defendants' request for an order that would allow them to intersperse defense witnesses throughout the United States' case. In the defendants' proposed order, the Court would: (1) require the United States to provide the defendants with seven days' notice for every out-of-court statement it intends to introduce under Federal Rule of Evidence 801(d)(2)(D); and (2) if a current or former FedEx employee made the statement, allow FedEx to call the declarant as a defense witness at the point in the government's case when the United States seeks to introduce the statement. *See* Def. Opps. to U.S. Mots. in Limine at 37-38. Although the defendants claim that Federal Rule of Evidence 611(a) empowers the Court to issue such an order, their proposed order would actually thwart the purposes of Rule 611(a), and the Court should deny it.

Rule 611(a) provides that courts "should exercise reasonable control of over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time." Fed. R. Evid. 611(a). The defendants' proposed procedure would compromise both of these goals.

First, the defendants' proposed procedure would confuse the jury and therefore interfere with its ability to determine the truth. The United States, which bears the burden of proof in this case, will be using its case-in-chief to present the jury with a coherent story of the events of this case. The defendants' proposed procedure would interfere with these efforts by allowing the defendants to interrupt the prosecution's narrative with periodic side trips into the defendants' own case in chief. These detours would likely lead the jury to lose the thread of the United States' case and muddle the facts of this large and complex case. Worse still, intermingling the government's and defendants' cases-in-chief might leave the jury confused about the burden of proof. The defendants' procedure would therefore undermine the truth-seeking goals of trial.

Second, the defendants' proposed procedure would waste time. Although the defendants claim that their elaborate and disruptive procedure would "streamline the presentation of evidence," the only "streamlining" they identify is "reducing the need to address some documents two separate times." Def. Opp. to U.S. Mots. in Limine at 38. But if the United States were to introduce documents from the same

declarant at different points in its case, the defendants' procedure would allow the defendants to call the declarant as a defense witness each time. Worse still, the defendants could then call the declarant yet again during their own case-in-chief to address other issues. Plainly, this procedure would not further the efficiency of trial.

Given the above problems with the defendants' convoluted procedure, it is not surprising that the defendants have identified no court that has adopted it. This result is consistent with the law in this circuit, which recognizes that a court should not "deprive the prosecution of the opportunity to present its own case without interference" simply because the court might believe that it would "good practice" to present some witnesses earlier in the government's case-in-chief. *United States v. Valencia-Riascos*, 696 F.3d 938, 943 (9th Cir. 2012). *See also United States v. Farley*, No. 15-CR-92-THE, 2015 WL 6871920 (N.D. Cal. 2015) (citing *Valencia-Riascos* in denying defendant's request for an order that the government call the case agent as a witness first). The Court should therefore decline to issue the defendants' proposed order.

3.      Defendants Should Not Be Permitted To Offer Out-Of-Court Statements Of Their Employees Without A Proper Foundation From A Witness To The Out-Of-Court Statement

Defendants wish to admit wholesale their own employees' statements, including through the testimony of witnesses other than the employees who made the statements. The defendants first contend that these statements are not hearsay. Defendants then cite Rule 803(3) providing for statements regarding a declarant's "then existing state of mind . . . , but not including a statement of memory or belief to prove the fact remembered or believed." Neither of these arguments is sufficient to support the broad admissibility of statements made by a defendant's own employees.

First, defendants' position is not supported by the cases they cite. For example, the sole Ninth Circuit case relied upon by defendants, *United States v. Arteaga*, 117 F.3d 388, 397 (9th Cir. 1997), did not involve an effort by a defendant to offer an out-of-court statement – it involved the government offering an out-of-court statement and the court of appeals talking about the purposes for which it could be used in the context of a sufficiency challenge on appeal. *Id.* The other authorities cited by defendants are no better. *See United States v. Harris*, 733 F.2d 994, 1003 (2d Cir. 1984) (addressing proffered testimony of witnesses regarding statements the defendant purportedly made to them); *United*

*States v. Leake*, 642 F.2d 714, 720 (4th Cir. 1981) (addressing proffered testimony of defendant about conversation in which he participated); *United States v. Webster*, 750 F.2d 307, 330-331 (5th Cir. 1984) (addressing proffered testimony of witness regarding statements the defendant purportedly made to her as statements not offered for the truth but not addressing the state of mind exception to the hearsay rule); *United States v. Gibson*, 675 F.2d 825, 833-34 (6th Cir. 1982) (addressing admissibility of statement witness heard made to defendant, finding statement was not offered for the truth, and not addressing state of mind exception to the rule); *United States v. Brown*, 562 F.2d 1144 (9th Cir. 1977) (discussing admissibility of statement of defendant offered by government not for the truth and not addressing state of mind exception to the rule); *United States v. Theall*, 2010  WL 4627646 (W. D. La. 2010) (addressing admissibility of statements not offered for the truth of the matter asserted).

Most of these cases do not even address the state-of-mind exception to the hearsay rule.  In them, the courts approved the admissibility of out-of-court statements where either (1) a witness to the statements was testifying and able to be cross-examined; or (2) the statements were not offered for the truth of the matter asserted.  The defendants, however, seek to introduce their own employees statement under neither of these circumstances – they wish to have their employees' statements admitted for the truth by having them read by an agent who was not a party to the statements and cannot be cross-examined about them.  None of the authority cited by the defendants supports the admissibility of obvious hearsay statements under these circumstances.

Defendants also incorrectly assert that this Court broadly permitted these kind of statements to be offered by the defendants "in connection with previous online pharmacy cases."   In truth, the Court permitted these statements to be admitted only when the out-of-court declarant was also testifying as a witness, which is the example cited by defendants in their brief.  *United States v. Napoli*, CR 10-0642 CRB, Dkt. 969 (10.10.2012 Tx) at 1387.  In that instance, the witness was asked about statements made in a conversation the witness had with the defendants.  The Court ruled this to be admissible as state of mind evidence, and the witness was there to be cross-examined about the statements.  Defendants' reliance on *United States v. Parry*, 649 F.2d 292, 295 (5th Cir. 1981), illustrates the same approach.  The statement at issue was an extrajudicial statement made by the witness who was actually testifying in court.  *Id.* (cited by defendant at MIL #6 Opp. at 39).

Without the declarant in court and testifying, the party offering the extrajudicial declaration cannot establish the necessary foundation for state of mind.[2] Thus, in *Napoli* the witness who was testifying laid a proper foundation, this Court found, that the out-of-court statements went to state of mind. The same foundation was laid by the defendant in *Parry* as to his out-of-court statements. Defendants cannot lay a foundation for the state of mind exception unless the witness whose state of mind is at issue is testifying, and is subject to *voir dire* and cross-examination as to that foundation. In other words, a law enforcement agent, summary witness, or other witness not present for the out-of-court statement cannot establish that the out-of-court statement reflected the declarant's state of mind.

The broad approach advocated by defendants would entirely swallow the hearsay rule. Defendants offer no response to and do not distinguish the cases cited in the United States' motion, in particular *United States v. Sayakhom*, 186 F.3d 928, 937 (9th Cir. 1999), which held that the defendant's own out-of-court statement offered "in order to refute the intent requirement of the crimes charged" were not offered for a proper purpose under the "state of mind" hearsay exception. To the extent that defendants provide contrary law or facts hidden behind their redactions, the United States is unable to respond.

At heart, it appears that the defendants' argument is that it would be "unfair" for them not to be able to introduce evidence of their own statements if their opponent is allowed to do so. *See* MIL #6 Opp. at 41. However, this "unfairness" lies at the heart of the hearsay rule. The Rules of Evidence are concerned first and foremost with the reliability of evidence that is presented to the jury. Hearsay evidence is deemed to be presumptively unreliable because such out-of-court statements cannot be tested by the traditional means of the adversary process. This principle is particularly applicable where the declarant is not available to be cross-examined, such as if the defendants' are permitted to introduce their employees' statements through law enforcement agents or other witnesses. Only where there is some indicia of reliability are hearsay statements allowed to be presented to the jury. Hearsay statements that are against a party's interest are presumed to be reliable. *See* Rule 801(d)(2) (statements

---

[2] Nor as business records. In order to offer an out-of-court statement as a business record, FedEx would have to call a witness to establish the necessary foundation regarding the making and keeping, in the regular course of business, of records at FedEx. This could not be done with a witness unaware of how and why a particular communication, an email for example, was made.

may be introduced by party's opponent), 804(3) (statements against interest).   However, a party's own statements are presumed to be self-serving and unreliable, even when, or perhaps especially when, they presume to elucidate the defendant's "state of mind." *See Sayakhom*, 186 F.3d 928, 937 (9th Cir. 1999) (defendant's own out-of-court statement offered "in order to refute the intent requirement of the crimes charged" not offered for a proper purpose under the "state of mind" hearsay exception).  Therefore, the "unfairness" of which the defendants complain is inherent in the hearsay rules and is one of the means by which those rules strive to keep unreliable evidence away from consideration by the jury.

The defendants' arguments regarding the rule of completeness and the business records exception are unavailing for the reasons provided in the United States Motion, which the United States need not reiterate here.

The United States' motion to exclude defendants' employees' out-of-court statements when offered by the defendants should be granted, except to the extent that the defendants offer those statements through a witness who is able to lay a proper foundation.